SAMUEL N. GILE *vs.* JOHN ATKINS and Colt.

Piscataquis.    Opinion November 23, 1899.

*Lien. Time. Estoppel. Stat. 1895, c. 25.*

1.   Under chapter 25 of Statutes of 1895, a colt foaled on the 12th day of July, 1898, became "six months old" at the beginning of the 11th day of January, 1899; and the statutory lien upon a colt expires at that time.

2.   A lien created solely by statute cannot be extended by any estoppel.

ON EXCEPTIONS BY PLAINTIFF.

Assumpsit to enforce a lien on the defendant's colt under the statute of 1895, c. 25; also for a personal judgment against the defendant. The action was tried in the Dover municipal court, Piscataquis county, where the judge denied the claim for a lien and signed a bill of exceptions under the provision of the act organizing the court, being c. 507, § 17, Private and Special Laws of 1889, as follows:

"In the above entitled action, tried at the March term of said Municipal Court, the judge of said court found as facts that

defendant's mare was served by plaintiff's stallion, and the price of such service was fifteen dollars; that by said service a colt was foaled from defendant's mare early in the morning of July 12, 1898, being first seen at four o'clock A. M. then playing and dry; that the lien attachment in the lien suit, brought for the recovery of said fifteen dollars, was made by the officer in the forenoon of January 12, 1899, at about ten o'clock A. M. being at an hour of the day later than that of his birth.

"The court ruled that he should reckon fractions of a day in such case and as the colt was a few hours more than six months old, he denied the lien.

"The said judge found as facts further, that about two months prior to said attachment, the plaintiff saw the defendant, and tried to adjust the matter, that the defendant told the plaintiff that said colt was foaled on the 20th day of July, 1898, and would not be six months old until January 20, 1899, and that plaintiff relied on said statement, and that plaintiff told defendant that he should not let the lien run out.

"Upon these facts the court ruled that the defendant was not estopped to set up the true age of the colt in defense of the lien, although the colt was all the time owned by the defendant.

"The court rendered judgment for plaintiff for amount sued for and costs but denied the lien."

To these rulings plaintiff excepted.

*C. W. Hayes*, for plaintiff.

The statute means that the lien continues in force for six months from the day of the birth of the colt. If the statute read in this way, there could be no doubt that the attachment was made in due season. Fractions of a day are never reckoned unless manifest injury or wrong would result. *Oatman* v. *Walker*, 33 Maine, 67; *Stewart* v. *Griswold*, 134 Mass. 391; *Hannum* v. *Tourtellott*, 10 Allen, 494; *Clark* v. *Flagg*, 11 Cush. 539.

If the construction fashioned after the Blackstone rule were applied, and the lien extended until the foal were one day old, the attachment must be made two days before his birth; and if it extended until he were three days old, the attachment must be

made on the very day when the foal is born. With that construction, two days are deducted from all benefit to be derived from the lien. See *Bemis* v. *Leonard*, 118 Mass. 502, for a full review of the cases, and which holds that where a statute required the return of the attachment of bulky property and copy of the writ be filed in the town clerk's office " within " three days thereafter, the first day is excluded, and the officer has the whole of the last day to do the act, and fractions of a day are not allowed.

It may be argued that the word " until " excludes the last day. This is a rule that is observed as much by breaking it as keeping it. The courts uniformly hold that the intent of the statute or contract must always govern.

Where a policy of insurance against fire protected the insured from the 14th day of February, 1868, "until" the 14th day of August, 1868, the court held that the insured was protected for the whole of the last named day, and without a renewal of the policy or premium, a loss by fire on the 14th day of August, 1868, rendered the company liable. *Isaacs* v. *Royal Ins. Co.*, L. R. 5 Exch. 296, cited in 26 Am. & Eng. Enc. of Law, p. 10. See also, *Houghwout* v. *Boisaubin*, 18 N. J. Eq. 315; *Kendall* v. *Kingsley*, 120 Mass. 95, and cases cited in note 4, 27 Am. & Eng. Enc. of Law, p. 698.

The time during which this lien should continue was what the legislature meant to fix, and according to the ordinary and popular meaning of words, it is evident the full period of six months was meant. *Dale Co.* v. *Gunter*, 4 Ala. 118.

Estoppel: *Copeland* v. *Copeland*, 28 Maine, 525; *Fogler* v. *Clark*, 80 Maine, 237; *Caswell* v. *Fuller*, 77 Maine, 105; *Shapley* v. *Abbott*, 42 N. Y. 443, (1 Am. Rep. 548); *Payne* v. *Burnham*, 62 N. Y. 69.

*W. E. Parsons*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

EMERY, J. In this suit to recover for the service of a stallion, the plaintiff has attached the colt and asks for a specific lien judg-

ment against the colt, as well as a personal judgment against the defendant, its owner. He claims this lien judgment under chapter 25 of the statutes of 1895, which is as follows:—

Sect. 1. " A lien is hereby created on all colts hereafter foaled in this state, to secure the payment of the service fee, for the use of the stallion begetting the same. Such lien is to continue in force until the foal is six months old, and may be enforced during that time by attachment of such foal."

The colt was foaled on the morning of July 12th, 1898. When did it become "six months old" within the meaning of the statute? The answer must be that it became six months old on the 11th day of January, 1899, at the beginning of that day. Age has always been reckoned that way, at least since the judgment of Chief Justice Holt in *Fitzhugh* v. *Pennington*, 1 Salk. 44, and the rule there laid down was explicitly affirmed in *Bardwell* v. *Purrington*, 107 Mass. 410 (1871). It is to be presumed that the legislature in using that phraseology was aware how age had been reckoned and intended it to be so reckoned under the statute. The statutory lien, therefore, continued in force until the beginning of the 11th day of January, 1899, and then expired. The plaintiff's attachment was not made till the next day, January 12th, when the lien no longer existed.

But the plaintiff insists that the defendant is estopped from questioning the seasonableness of the attachment, because when apprised, some two months previous, of the plaintiff's intention to enforce his lien, he assured the plaintiff the colt was foaled on July 20th and thereby induced the plaintiff to delay the attachment. If the lien had been created by the defendant's stipulation or assertion in the first instance, it perhaps would have been extended by the defendant's statement as to a later time of foaling, (*Oakes* v. *Moore*, 24 Maine, 214); but the lien in this case was created solely by statute and had such duration only as the statute gave it. Its entire vitality was dependent on the terms of the statute. *Frost* v. *Ilsley*, 54 Maine, 345. It could derive no life, nor prolongation of life, from any statements of the defendant made subsequent to the foaling. Such statements might estop the

defendant personally and might subject him to various liabilities and disabilities, but they can not by estoppel enact or enlarge a statute. There was no lien on the colt of any kind or extent outside of the statute. There can be no lien judgment against the colt except upon the terms prescribed by the statute. One of those terms is that the attachment should be made before the colt was six months old. There is no provision that the parties, either or both, by estoppel or in any other way, may substitute a later date for the attachment.

*Exceptions overruled.*