ABBIE E. MCKENZIE, APPELLEE, V. FRED E. BEAUMONT, APPELLANT, IMPLEADED WITH MRS. FRED E. BEAUMONT.

FILED OCTOBER 21, 1903. No. 13,055.

1. **Foreclosure:** EVIDENCE. A mortgage bearing a certificate of the proper officer showing that it was duly acknowledged before him by the mortgagor may be read in evidence without further proof.

2. ———: ———. To entitle the holder of a real estate mortgage to a decree of foreclosure, it is not necessary to show that the mortgage has been duly recorded.

3. **Tax Sale:** REDEMPTION. One who redeems from a tax sale of real estate, when he has no title to or interest in such real estate, is a mere volunteer, and such redemption gives him no claim against the owner of the land nor any lien against the land itself for the redemption money.

4. **Receiver:** DISCRETION. An application for a receiver is addressed to the sound discretion of the trial court, which discretion does not appear to have been abused in this case.

APPEAL from the district court for Perkins county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Hoagland & Hoagland* and *James L. White*, for appellant.

*Benjamin F. Hastings, contra.*

ALBERT, C.

This action was brought by Abbie E. McKenzie against Fred E. Beaumont and wife to foreclose a real estate mortgage. It is alleged in the petition that one Muender executed and delivered a certain note to one Shriver, and, to secure the payment thereof, executed to the payee the mortgage in suit; that it was provided in the mortgage that, in the event of the failure of the mortgagor to pay the taxes levied against the mortgaged premises, the mortgagee might pay the same, and that the amount thus paid should be added to and become a part of the mortgage debt; that the mortgagee subsequently paid a portion

of such taxes, and thereafter indorsed and transferred the note, and assigned the mortgage and his claim for 'the taxes paid, to the plaintiff; that the defendant, Fred E. Beaumont, claims to be the owner of the land or to have some interest therein, but whatever rights he may have in the premises are subject to the lien of the plaintiff's mortgage. The petition contains all the allegations necessary to entitle the plaintiff to a decree of foreclosure. Mrs. Beaumont made default, and the action was subsequently dismissed as to her. The answer of the defendant, Fred E. Beaumont, is a general denial.

After the commencement of the action, the plaintiff made application for a receiver, on the ground of the inadequacy of the security. The application was resisted by the answering defendant, on the ground that the income derivable from the premises would be insufficient to defray the expenses incident to the receivership. The court granted the application, and, subsequently, upon a hearing of the cause on the merits, found for the plaintiff and entered a decree of foreclosure. The answering defendant appeals to this court from the order appointing a receiver and from the decree of foreclosure.

It is insisted that the evidence is not sufficient to sustain a decree of foreclosure because there is no proof of the execution and delivery, or the recording of the mortgage, which is the basis of the action. As far as the execution and delivery of the mortgage is concerned, the original mortgage was offered in evidence, and there is attached thereto a certificate of a notary public, showing that the same was duly acknowledged before him by the mortgagor. That entitled it to be read in evidence without further proof. Section 13, chapter 73, Compiled Statutes (Annotated Statutes, 10213). As to the failure to show that the mortgage had been recorded, we do not understand that proof of such fact is essential to a decree of foreclosure. A mortgage on real estate, other than a homestead, would be valid between the parties, though unacknowledged and therefore not entitled to record; if valid between the

McKenzie v. Beaumont.

parties, the court certainly would enforce it. If the courts would enforce a mortgage which is neither acknowledged nor recorded, there is no good reason why they should not enforce one which is acknowledged but not recorded. As a matter of fact, the original mortgage offered in evidence bears a certificate of the county clerk showing that it was duly recorded, but the certificate does not appear to have been offered in evidence.

It is next contended that the amount of the decree is excessive to the extent of $75.05, the amount allowed for taxes paid. The evidence upon this point is to the effect that the premises had been sold for taxes; that the mortgage was thereafter assigned to the plaintiff; that the day following such assignment, the plaintiff's assignor paid the above amount to redeem from tax sale, whereupon, a certificate of redemption was issued to him, which he assigned to the plaintiff. It thus appears that the plaintiff's assignor redeemed from tax sale after he had assigned the mortgage to the plaintiff, and it is not shown that he had any interest in the premises or that, for any reason, he was entitled to redeem. So far as appears from the record, he was a mere volunteer. That he acquired no claim against the mortgagor or the mortgaged premises by a payment of taxes or redemption from tax sale, under such circumstances, is elementary; the plaintiff, as the assignee, stands in no better position. The decree, therefore, is excessive to the extent of $75.05, the amount allowed for taxes paid.

It is also urged that the court erred in appointing a receiver. It is conclusively shown by the evidence that the value of the mortgaged premises is about $205.10, while the amount of the mortgage debt, exclusive of the amount allowed for taxes paid, is $458.71. The insufficiency of the security is therefore conclusively established. The only objection urged against the order is that the income derivable from the land does not justify it. An application for a receiver is addressed to the sound discretion of the trial court, and it does not appear that such discretion has been abused in this case.

The plaintiff appears to be willing to permit the amount allowed for taxes paid to be deducted from the amount of the decree, rather than submit to a new trial. It is therefore recommended, that the order of the district court appointing a receiver be affirmed; that the decree of foreclosure be modified by the deduction from the amount due thereon of the sum of $75.05 with interest accrued thereon at the rate fixed by the decree from the date thereof; and that the decree, as thus modified, be affirmed.

GLANVILLE and BARNES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the order of the district court appointing a receiver is affirmed; the decree of foreclosure is modified by the deduction from the amount due thereon of the sum of $75.05 with interest accrued thereon at the rate fixed by the decree from the date thereof; and the decree, as thus modified, is .

AFFIRMED.