[Civil No. 4434.   Filed February 2, 1942.]

[121 Pac. (2d) 639.]

MICHAEL SERASIO, Appellant, v. ARTHUR C. SEARS, Appellee.

Mr. Carl R. Tisor, for Appellant.

Messrs. O'Dowd & O'Dowd, for Appellee.

ROSS, J.—This is an action by Arthur C. Sears against Gios Mule, also known as Josefina Mule, to collect a past-due promissory note and to foreclose a mortgage on certain real property given by defendant Mule to secure the note. As claiming some interest in such realty, the Roman Catholic Church of the Diocese of Tucson, Irene V. Jones and Michael Serasio were made defendants. None of the defendants except Michael Serasio appeared or filed an answer. The latter filed an answer in which he claimed a judgment lien on the property superior to plaintiff's mortgage lien. The trial of this issue resulted in a judgment in favor of plaintiff holding his mortgage lien superior to any claim of the answering defendant and foreclosing the mortgage. Defendant Serasio has appealed.

The facts upon which our decision must turn are as follows: Plaintiff's mortgage was dated May 23, 1935, and was filed and placed of record in the county recorder's office of Pima County, in which county the mortgaged property is situate, on June 3, 1935. At the time of the filing and recording of such mortgage, there was of record in the recorder's office a declaration of homestead by Mule on such premises, regular in form and content, dated December 1, 1928.

The grounds upon which defendant Serasio contends that he has a lien on the premises superior and prior to the mortgage lien are as follows: He alleges

in his answer that on November 8, 1928, he brought an action for debt against Mule and caused to be levied against said property, as security for the payment of the debt, an attachment; that on December 10, 1928, he filed a *lis pendens* in the county recorder's office, and that on June 28, 1935, he obtained judgment in said action and an order forclosing the attachment lien. That thereafter, on April 16, 1940, he filed with the clerk of the superior court of Pima County his affidavit for renewal of said judgment as permitted and required by law.

From an examination of the record made by defendant Serasio on April 16, 1940, to keep alive the judgment and to continue the lien thereof on defendant Mule's property, it is clear that material provisions of sections 22–102 and 22–103, Arizona Code 1939, providing for the renewal of judgments and continuations of liens, were not followed. The affidavit of renewal conformed with the requirements of the statute so that the judgment was renewed within the five-year limitation prescribed, but no copy of the affidavit of renewal, *properly certified by the clerk of the superior court,* was ever filed with the county recorder. That was necessary to continue the lien as is seen from the following quotation from section 22–103:

" . . . No lien upon or against the real property of the judgment debtor shall be continued by an affidavit of renewal until a copy of said affidavit, properly certified by the clerk of the court, shall be recorded in the office of the county recorder. From and after the time of recordation of the copy of the affidavit of renewal, certified by the clerk of the court, the judgment shall be a lien to the extent of the balance shown in the affidavit of renewal against all the real property of the judgment debtor, except such as is or may be exempt from execution, including the interest in the homestead, for a period of five

(5) years from the date of docketing of said affidavit of renewal with the clerk. . . . ''

The evidence is to the effect that a duplicate copy of the affidavit of renewal was filed with the county recorder, but it was not certified as such by the clerk of the court. We think nothing short of a certified copy would be a compliance with the statute. The copy of renewal affidavit filed in the recorder's office bore no evidence that its duplicate had ever been filed with the clerk of the court. It was not entitled to be filed in the recorder's office. It was not constructive notice that it was a copy of the affidavit of renewal filed with the clerk.

If defendant Serasio ever had a lien it was by virtue of the statute and, to be valid, the law giving the right must have been complied with. It is said, in 33 American Jurisprudence 433, section 26:

'' . . . A lien created by statute is limited in operation and extent by the terms of the statute, and can arise and be enforced only in the event and under the facts provided for in the statute; it cannot be extended by the courts to cases not provided for by the statute, nor can it be substituted by a bond. Also, it has only such duration as the statute gives. In other words, the supposed policy of the state cannot, in a judicial tribunal, prevail over the plain language of a statute creating a lien.''

In *Interurban Construction Company* v. *Central State Bank,* 76 Okl. 281, 184 Pac. 905, 910, the court said:

''The rule of construction of lien statutes which create a right and provide a remedy is: That in all such cases the requirements of the statutes and conditions prescribed in the statutes are the measure of the right, and the court cannot declare purposeless and useless that which the Legislature has made a condition of the lien. . . . ''

As we view it, it can make no difference whether the declaration of homestead filed on the property by Mule was valid or not. If it was valid, then Serasio could not have a lien on the premises. If Mule was not the head of a family, as claimed by defendant, it could make no difference because any lien he may have had thereon was lost because of the failure to renew it in accordance with the terms of the statute.

The judgment of the lower court is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.