COUNTY BOARD OF SUPERVISORS OF PLATTE COUNTY, NEBRASKA, EX OFFICIO THE COUNTY BOARD OF PUBLIC WELFARE, APPELLANT, v. LESTER W. BREESE ET AL., APPELLEES.

105 N. W. 2d 478

Filed October 14, 1960. No. 34788.

*C. Thomas White,* for appellant.

*Edward Asche,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The circumstances important to this litigation are not in dispute. Katherine Breese, also named in the record as Katherine W. Breese, the wife of Orrin C. Breese, was for many years the record owner of a tract of land which is involved and precisely described in this case. It was a residence property on which the named parties lived with their two sons until they became adults and left the home. Katherine Breese and Orrin C. Breese continued to make their home on the property until the death of each. Orrin C. Breese was a teamster. His employment was not generally continuous or greatly remunerative. He was during the difficult years of the thirties also engaged in custodial work at a bakery. His wife was not employed at any time outside of the home. The income of the parents was frequently less than their necessitous requirements. They had during a period of about 30 years different loans from a money-lending agency at Columbus which were secured on their home property.

Lester W. Breese, the younger son, hereafter referred to as appellee, during the later years he was living at home with his parents paid them for his board and room. He left home in 1926 and was in business in Fremont until 1947. In the early part of 1926 he arranged a loan of $1,300 which was secured on the home of his parents, the proceeds of which were used by them in repairing and making livable the house in which they lived and in paying past-due bills which they had accumulated. The indebtedness of $1,300 and interest was paid by appellee in installments of $14.95 each month. Thereafter appellee paid his parents $10 to $15 a month. Appellee later paid the expense of a new roof, painting, and repair work on the home of his parents at an expense to him of about $550. His

father, because of age and illness, could not handle coal for the furnace and appellee had it changed over for burning oil as fuel at an expense to him of about $160. The contributions by appellee to his parents were measured by the need of the parents. When they needed something he got it for them until he was disabled and could hardly care for himself.

The older son, Archie Breese, resided and was employed in Chicago. He substantially assisted his parents but the exact extent thereof is not shown by the record. The death of Archie Breese was caused by an accident in Chicago in the fall of 1945 but before October 22, 1945. Appellee took his father to Chicago and they attended the funeral of Archie Breese.

After appellee and his father returned from attending the funeral in Chicago the parents, Katherine Breese and Orrin C. Breese, on October 22, 1945, conveyed by deed the real estate involved in this case from themselves to themselves as joint tenants with right of survivorship and the same day the parents conveyed by warranty deed the identical real estate to their sole surviving child, Lester W. Breese, subject to a reservation in the deed of a life estate in the real estate to the grantors or the survivor of either of them. The last deed was executed and duly delivered to appellee that day but it was not recorded until after the death of his father, Orrin C. Breese, at the request and insistence of the father who died May 11, 1952. The deed was recorded on June 2, 1952. The deeds were prepared by an attorney in his office at Columbus after consultation with the parties.

Appellee was disabled by illness in the year 1946 and he was unable to care for or to further contribute to his parents. Katherine Breese and Orrin C. Breese each made application for old age assistance, the former on October 25, 1946, and the latter on October 31, 1946. The applications were each approved and assistance benefits were paid Katherine Breese for the period of

September 1947 to May 1952 in the sum of $1,433.20 and to Orrin C. Breese for the period September 1947 to April 1952 in the sum of $1,184. A certificate of award of old age assistance to Orrin C. Breese and Katherine Breese was recorded in the office of the register of deeds of Platte County on September 7, 1947. Appellee regained his health and the attorney for appellee at his request advised the county welfare director of Platte County on May 15, 1952, 4 days after the death of Orrin C. Breese, that appellee desired to and would care for the needs of his mother and that assistance benefits for her should be discontinued. The attorney also told the director at that time of the deed of the real estate to appellee. Appellee did care for his mother thereafter until her death and he paid the expense of her last illness and burial.

The statement of the claim of appellant as set forth in its petition, to the extent it is important to this discussion, is that Orrin C. Breese and Katherine Breese, hereafter called recipients, while receiving old age assistance payments from Platte County had an interest in the real estate involved herein; that a certificate of award of old age assistance payments made to recipients is recorded in the mortgage records of the register of deeds of that county; that Orrin C. Breese died May 11, 1952, and Katherine Breese died September 14, 1957; that recipients received old age assistance payments in the respective amounts above stated; and that the amounts thereof constitute a valid, subsisting lien against the real estate involved in favor of Platte County, prior and superior to any right, title, or interest which any of the defendants in the case have or claim in or to the real estate. The relief sought was a determination of the amount of the lien; that it be adjudged to be a first encumbrance on the real estate; that the lien be foreclosed; and that the premises be sold and the proceeds be applied to the payment of the lien.

Appellee admitted that the beneficiaries had an in-

terest in the real estate involved while they were receiving old age assistance payments from Platte County; that they received old age assistance payments in an amount unknown to appellee; that a certificate of award was recorded on September 7, 1947, as alleged by appellant; and that the recipients died on the respective dates alleged. Appellee denied all other assertions of appellant. The cross-petition of appellee asserted that on October 22, 1945, recipients as joint tenants were owners of the real estate involved herein and that on that date they conveyed it to appellee subject to a life estate therein for the life of the grantors and for the life of the survivor of either of them; that the deed was recorded June 2, 1952, in the deed records of Platte County; that the conveyance of the real estate to appellee by the recipients was not made to attain old age assistance payments but in consideration of benefits conferred upon them and improvements made on the real estate by appellee for the benefit of recipients; that the old age assistance payments made to recipients or either of them were based on their respective needs and not in reliance of ownership by or interest of the recipients in said real estate; that the filing of the certificate of award and the commencement of these proceedings were a cloud upon the title of appellee to the real estate and he was entitled to have it removed and the title thereto quieted in him; and that the conveyance of the real estate by the recipients to appellee was made within 2 years prior to the application of each of the grantors for old age assistance benefits and this action was commenced on April 1, 1959, which was more than 1 year after the death of both of the recipients. Appellee asked the court to deny appellant any relief, to cancel the claim of lien recorded as aforesaid, and to quiet title to the real estate in appellee.

The district court found generally for appellee and against appellant and that it had no cause of action against appellee, rendered judgment of dismissal of the

action of appellant, and quieted title to the real estate in appellee. The motion of appellant for a new trial was denied and this appeal is from the action of the trial court denying the motion.

There was no lien in this state because of the receipt of old age assistance payments by anyone when the deed was made and delivered by the recipients to appellee for the real estate involved on October 22, 1945. Section 68-268, C. S. Supp., 1939, providing for a lien for any old age assistance benefits received by a recipient thereof on any real estate owned by him, as that section was amended by Chapter 4, section 1, page 66, Session Laws of Nebraska, Fifty-fourth (Extraordinary) Session, 1940, was repealed by act of the Legislature of 1941. Laws 1941, c. 169, § 3, p. 671. That act of the Legislature had an emergency clause and was in force and effect upon the passage and approval of the act May 12, 1941.

Section 68-215.01, R. R. S. 1943, was enacted by the Legislature at its session in 1947. Laws 1947, c. 221, § 1 (2), p. 711. It is as follows: "The assistance benefits any recipient of old age assistance shall receive shall be a lien on any real estate owned by the recipient of such assistance from and after the date of the filing of the certificate as provided in this section. Whenever a certificate is issued for such assistance to any person in whom the title to any real estate is vested, a copy of such certificate shall be indexed and recorded in the manner provided for the indexing of real estate mortgages in the office of the register of deeds or county clerk of the county in which the real estate is situated and such recording and indexing shall constitute notice of such lien." This statute became effective September 7, 1947. Alexanderson v. Wessmann, 158 Neb. 614, 64 N. W. 2d 306. This legislative act operates prospectively only because there was no legislative intent and purpose clearly disclosed for it to

operate retrospectively. Arterburn v. Vandemoer, 157 Neb. 68, 58 N. W. 2d. 606.

It is indisputable that commencing with May 12, 1941, and continuing to September 7, 1947, there was no provision of law in Nebraska for a lien on real estate because of the payment or receipt of old age assistance. It was in this period that the deed was made and delivered by the parents of appellee to him for the real estate involved in this case. The deed was legal, valid, and effective. It was not affected by the legislative act of 1947 quoted above, passed almost 2 years after the deed was made and delivered. The making and delivery of the deed violated no prohibition or restriction of law. It had the authorization and sanction of law when it was executed and delivered. It vested title to the real estate in appellee subject only to the life estate reserved therein. The grantors in the deed owned only a life estate in the real estate when the applications were made by them for old age assistance and thereafter until the death of each of them. When they received old age benefits the real estate was not owned by them beyond their life estate. The deed had been since October 22, 1945, a legal, valid conveyance of the fee of the real estate to appellee. The decision of the trial court favorable to appellee was correct.

Section 68-215.05, R. R. S. 1943, which was Laws 1947, c. 221, § 3, p. 711, provides: "The county attorney, when directed either by the county board of public welfare or State Director of Public Welfare, shall bring such proceedings as are necessary to enforce the payment of old age assistance claims by setting aside any conveyance of real estate * * * made by any person receiving old age assistance benefits when such conveyance was made without payment of adequate consideration and with the intent to aid such person to receive old age assistance benefits."

Section 68-215.07, R. R. S. 1943, which was Laws 1951,

c. 211, § 2, p. 773, contains these relevant provisions: "Any conveyance or transfer of real estate by a recipient of old age assistance or by an applicant for old age assistance within two years prior to the making of application may be set aside at any time until one year after the death of such recipient in all cases where such conveyance or transfer is made to a child * * * without adequate consideration. * * * Such action to set aside transfers of real estate * * * may be brought in the name of the county board of public welfare of any county in the proper court having jurisdiction; Provided, if the county board of public welfare fails to bring such action prior to three months before the expiration of the time to commence the action, then the action may be brought by the State Director of Public Welfare in the name of the State of Nebraska."

The deed to appellee was made and delivered October 22, 1945. The application of Katherine Breese for old age assistance was made October 25, 1946, and the application of Orrin C. Breese for old age assistance was made October 31, 1946. Orrin C. Breese died May 11, 1952, and Katherine Breese died September 14, 1957. This action was not commenced until April 1, 1959. The deed in question was made to appellee by the recipients of old age assistance benefits within 2 years prior to the making of the applications by the recipients. This action was not commenced until more than 1 year after the death of each of the recipients. This case was and is within the bar of the very statute which appellant must rely upon for the relief sought. The action was barred by the statute more than 6 months before it was commenced. § 68-215.07, R. R. S. 1943.

Appellant seeks in this case to have the benefit of an alleged statutory lien. A lien created by statute is limited in operation and extent by the terms of the statute and can arise and be enforced only in the event and under the facts and conditions provided in the

statute. It cannot be extended by the court to cases not within the statute.

Interurban Constr. Co. v. Central State Bank of Kiefer, 76 Okl. 281, 184 P. 905, states: "The rule of construction of lien statutes which create a right and provide a remedy is: That in all such cases the requirements of the statutes and conditions prescribed in the statutes are the measure of the right, and the court cannot declare purposeless and useless that which the Legislature has made a condition of the lien."

In Serasio v. Sears, 58 Ariz. 522, 121 P. 2d 639, the court considered a statutory provision that to keep alive a judgment and to continue the lien thereof after a stated period, an affidavit of renewal was required to be made within a designated period and a copy of the affidavit properly certified by the clerk of the superior court was required to be filed with the county recorder. Such an affidavit was made but a certified copy of it was not procured or filed as the statute required. The court said: "That was necessary to continue the lien * * *. If defendant Serasio ever had a lien it was by virtue of the statute and, to be valid, the law giving the right must have been complied with."

Gau v. Hyland, 230 Minn. 235, 41 N. W. 2d 444, contains this: "The provision of § 256.26, subd. 6, that an old age assistance lien 'shall attach to all real property then owned by the recipient * * *' defines and limits the property chargeable with such a lien. It is to be remembered that the old age assistance lien is a statutory one. The property chargeable with a statutory lien and the character, conditions, and extent thereof are to be ascertained from the terms of the statute. * * * By express terms of the statute, an old age assistance lien attaches to 'real property' and to only such thereof as is 'owned by the recipient.'"

United States v. Beaver Run Coal Co., 99 F. 2d 610, contains the following: "Notwithstanding its failure to comply with the requirements of the very act cre-

ating its lien, the United States contends its lien is entitled to priority in this case. * * * This contention can not be sustained. Whether a statute creating a lien is to be given a liberal or a strict construction, it is well established that 'the character, operation and extent of the lien must be ascertained from the terms of the statute which creates and defines it, and the lien will extend only to persons or conditions provided for by statute, and then only where there has been at least a substantial compliance with all the statutory requirements.' * * * Positive legislative enactments prescribing conditions essential to the existence and preservation of a statutory lien cannot be disregarded."

The court said in Augustine v. Congregation of the Holy Rosary of Pompeii, 213 Wis. 517, 252 N. W. 271, the following: "Under those provisions (Sec. 289.06, Stats. 1931) no lien given by ch. 289, Stats., shall exist and no action to enforce such a lien shall be maintained unless the complaint was filed as well as served within the prescribed period. As to plaintiff's claim for a lien, that period expired on November 13, 1932. Thereafter, by virtue of the unambiguous terms of the very statute under which he claims a right to have a lien, no such lien shall exist and no action can be maintained to enforce it. * * * After the expiration of that prescribed period, the court, as it rightly ruled, was without discretion to avoid that statutory bar as to the lien by enlarging that period for the filing of a complaint on plaintiff's motion."

In Gile v. Atkins, 93 Me. 223, 44 A. 896, 74 Am. S. R. 341, the court said: "The statutory lien, therefore, continued in force until the beginning of the 11th day of January, 1899, and then expired. The plaintiff's attachment was not made till the next day, January 12th, when the lien no longer existed. * * * But the plaintiff insists that the defendant is estopped from questioning the seasonableness of the attachment, be-

cause when apprised, some two months previous, of the plaintiff's intention to enforce his lien, he assured the plaintiff the colt was foaled on July 20th and thereby induced the plaintiff to delay the attachment. * * * the lien in this case was created solely by statute and had such duration only as the statute gave it. Its entire vitality was dependent on the terms of the statute. * * * It could derive no life, nor prolongation of life, from any statements of the defendant * * *. There was no lien on the colt of any kind or extent outside of the statute. * * * One of those terms is that the attachment should be made before the colt was six months old. There is no provision that the parties, either or both, by estoppel or in any other way, may substitute a later date for the attachment."

De Gooyer v. Northwest Trust & State Bank, 130 Wash. 652, 228 P. 835, declared: "Statutes creating liens are in derogation of the common law and are to receive a strict construction. * * * Their operation will not be extended for the benefit of those who do not clearly come within the terms of the act. It is true that § 1209, Rem. Comp. Stat. (P.C.S. 9665b), provides that the lien laws shall be liberally construed with the view to effecting their object. This means that when it has been determined that persons come within the operation of the act it will be liberally applied to them."

Rent-A-Car Co. v. Belford, 163 Tenn. 590, 45 S. W. 2d 49, asserts: "When a lien comes into existence by force of a statute, it must be measured by that statute, and can have no greater force than the statute gives it."

Birmingham Trust & Savings Co. v. Louisiana National Bank, 99 Ala. 379, 13 So. 112, 20 L. R. A. 600, states: "The lien being created by statute, is limited in operation and extent by the terms of the statute, and can arise and be enforced only in the event and under the facts provided for in the statute."

The statutes noted above are indispensable to the

cause of action asserted by appellant. §§ 68-215.01 and 68-215.07, R. R. S. 1943. These created a right that did not exist at common law. A condition precedent to the enjoyment of the right was a compliance with the requirements imposed, one of which was that an action to test the validity of any conveyance of real estate made by a recipient of old age assistance to a child of the recipient within 2 years prior to the making of the application by the recipient for the assistance must be brought within 1 year of the death of the recipient. This is by the statute made a condition to the right and of the remedy. Appellant could not comply with this indispensable requirement because the period allowed within which the case was required to be commenced had elapsed when these proceedings were instituted. It has often been said and recently repeated by this court that where a right has been created by statute which did not exist in the common law, the Legislature may impose restrictions thereon, and the conditions so imposed qualify and are an integral part of the act and must be fully complied with in the manner therein prescribed. Clay County v. Bottorf, 166 Neb. 262, 88 N. W. 2d 898. The observation made in Swaney v. Gage County, 64 Neb. 627, 90 N. W. 542, is appropriate: "It must be conceded that the legislative body, which created the right of action, had absolute power to determine the conditions under which it must be brought * * *. Without such a law the plaintiff in this case would have had no right of action at all * * *."

The judgment should be and it is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.