STATE AUTOMOBILE AND CASUALTY UNDERWRITERS, A CORPORATION, APPELLANT, V. FARMERS INSURANCE EXCHANGE AND CLAYTON W. KLINE, APPELLEES.

282 N. W. 2d 601

Filed August 21, 1979.   No. 42340.

Kutak Rock & Huie, for appellant.

David A. Svoboda and Neil B. Danberg, Jr., of

Kennedy, Holland, DeLacy & Svoboda, for appellees.

John F. Thomas of McGrath, North, O'Malley & Kratz, P.C., for amicus curiae Blue Cross & Blue Shield.

Heard before BOSLAUGH, CLINTON, WHITE, and HASTINGS, JJ., and KORTUM, District Judge.

HASTINGS, J.

This is an appeal by the plaintiff, State Automobile and Casualty Underwriters, from an order of the District Court sustaining defendants' demurrer to State Auto's petition and dismissing the same. The motion for a new trial was overruled. State Auto assigns as error that: "The trial court erred in finding that State Auto *did not have a cause of action* against Farmers and Kline." (Emphasis supplied.) Apparently State Auto elected to stand on its second amended petition because there is no complaint made that it was not permitted an opportunity to file an additional pleading.

State Auto's second amended petition stated that it insured one Kurt Kardell under a family automobile policy and that the defendant, Farmers Insurance Exchange, "insured Kline at the time of the accident under a policy of insurance applicable to the accident;" that on June 28, 1974, Kardell was operating an automobile in Omaha, Nebraska, when struck from the rear by Kline; that State Auto paid Kardell for medical expense under Coverage C-1 of its policy; that Coverage C-2 provided "In the event of any payment under Coverage C-1 of this policy, the company shall be subrogated to all the rights of recovery therefor which the injured person * * * may have against any person or organization * * *."; that State Auto notified Farmers of its subrogation rights, but Farmers replied, "Sorry — we don't honor med pay subrogation." State Auto also noti-

fied Kline of its subrogation rights; thereafter Farmers paid Kardell, obtained a release from Kardell, and thereby willfully disregarded State Auto's subrogation rights. State Auto prayed for judgment against Farmers only for the amount of the claimed subrogation right. Interestingly enough, the petition alleges no facts supporting a cause of action for negligence on behalf of its insured Kardell against either defendant; it does not allege in any way that Farmers had issued to the apparent tort-feasor, Kline, a policy of *liability* insurance; and, finally, the prayer of the petition is only against Farmers.

Section 25-804, R. R. S. 1943, requires of a petition that it contain "a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition * * *." A defendant may demur to a petition when it appears on its face "that the petition does not state facts sufficient to constitute a cause of action." § 25-806, R. R. S. 1943. "It is unimportant how meritorious a cause of action a litigant may have. It cannot avail him anything if he fails to properly state in his petition concerning it sufficient actionable facts. A petition which fails to plead actionable facts is vulnerable to a general demurrer." Johnson v. Ruhl, 162 Neb. 330, 75 N. W. 2d 717 (1956). See, also, Clark & Enersen, Hamersky, S., B. & T., Inc. v. Schimmel Hotels Corp., 194 Neb. 810, 235 N. W. 2d 870 (1975). With that rule in mind, it becomes incumbent upon us to identify the actionable facts necessary to plead a cause of action to enforce rights of subrogation.

Subrogation is defined as: "The substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities. * * * The lawful substitution of a third party in place of a party having a claim against another party." Black's Law Dictionary

(5th Ed., 1979). Also, "Subrogation is the right of one, who has paid an obligation which another should have paid, to be indemnified by the other." Olin Corp. (Plastics Div.) v. Workmen's Comp. App. Bd., 324 A. 2d 813 (Pa. Commw. Ct., 1974). "The right of an insurance company to recover against a wrong-doer, whose negligence has subjected the insurance company to a liability, whether the company's right be based on an equitable subrogation or an express assignment, is traced through the insured; that is, no cause of action can exist on behalf of the insurer, unless it existed in favor of the insured." Omaha & R. V. R. Co. v. Granite State Fire Ins. Co., 53 Neb. 514, 73 N. W. 950 (1898). " 'The rights of a subrogated insurer can rise no higher than the rights of its insured against the third party.' " Stetina v. State Farm Mut. Auto. Ins. Co., 196 Neb. 441, 243 N. W. 2d 341 (1976).

It would therefore be necessary for State Auto to allege sufficient facts to state a cause of action for negligence in favor of Kardell and against Kline in order to stand an attack by demurrer. Citations are unnecessary to support the proposition that to state a cause of action in tort it is necessary to allege facts from which a conclusion can be drawn that the defendant was guilty of one or more acts of negligence, that the acts of negligence were a proximately contributing cause of the accident, and that as a proximate result thereof the plaintiff was damaged. It is only through assumption and elimination of alternatives that we are able to determine that State Auto's alleged right of subrogation is founded in tort, but upon examination it becomes readily obvious that no facts are alleged to state a cause of action against Kline.

The only relationship between Farmers and Kline, as stated in the petition, is that Farmers "insured Kline at the time of the Accident * * *." We can only guess that it was a *liability* policy, which it

would have to be before Farmers would have any connection with the case at all. Even assuming this to be true, and Farmers is the only defendant against whom State Auto seeks recovery, it is prohibited from doing so by the well-established rule that we have no direct action statute except section 44-508, R. R. S. 1943, which applies where the insured is bankrupt. Direct actions against liability insurance carriers because of the negligence of their insureds are not permitted in Nebraska. Royal Ind. Co. v. Aetna Cas. and Sur. Co., 193 Neb. 752, 229 N. W. 2d 183 (1975).

If by chance State Auto is claiming some sort of contract or estoppel theory, such as was utilized in State Farm Mut. Auto. Ins. Co. v. Budd, 185 Neb. 343, 175 N. W. 2d 621 (1970), to prevent the running of the statute of limitations, its petition is again short of its mark. In State Farm, defendant's insurance carrier had three times assured plaintiff that it would honor its claim and that it was liable to State Farm for the full amount. In reliance on these claims, State Farm forbore suit only to have defendant's carrier plead the statute of limitations in a suit by State Farm against the defendant tort-feasor. Of course, we refused to permit such chicanery. However, here State Auto pled just the opposite facts, i.e., that it had made claim against Farmers which the latter promptly and unequivocally denied.

The parties have expended a great deal of time and effort in their briefs discussing the theories of splitting causes of action, real parties in interest, and public policy relating to subrogation of medical pay insurance. However, the threshold question is whether State Auto has alleged facts, all of which must be assumed to be true, which state a cause of action on the merits under any theory against either or both defendants. It has not.

The trial court was correct in sustaining the de-

murrer and dismissing the petition, and its judgment is affirmed.

AFFIRMED.