CONTROL SPECIALISTS COMPANY, INC., APPELLEE, V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLANT.

423 N.W.2d 775

Filed May 27, 1988.   No. 86-725.

Wayne J. Mark of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellant.

John J. Respeliers and Thomas K. Harmon of Respeliers and DiMari, for appellee.

HASTINGS, C.J., SHANAHAN, and FAHRNBRUCH, JJ., and RILEY and OTTE, D. JJ.

FAHRNBRUCH, J.

A vehicle owned by the plaintiff, Control Specialists

Company, Inc., was involved in a two-vehicle collision while both drivers were covered by insurance policies issued by the defendant, State Farm Mutual Automobile Insurance Company.

The defendant paid Control Specialists for the damage to its vehicle under the other driver's liability coverage. State Farm refused to pay the plaintiff for the damage to its car under the property damage clause of Control Specialists' State Farm insurance policy. The Douglas County District Court entered judgment for Control Specialists and State Farm appealed. We affirm.

The defendant claims the trial court erred (1) when it allowed the plaintiff to recover under its policy based upon *Stetina v. State Farm Mut. Auto. Ins. Co.*, 196 Neb. 441, 243 N.W.2d 341 (1976), when it should have denied a recovery based upon the clear policy language and the rules of interpretation announced in *Charley v. Farmers Mut. Ins. Co.*, 219 Neb. 765, 366 N.W.2d 417 (1985), and *Kracl v. Aetna Cas. & Surety Co.*, 220 Neb. 869, 374 N.W.2d 40 (1985); and (2) in failing to find that the coverages involved in this case are contracts of indemnity which only obligate State Farm to pay for unreimbursed losses and do not operate to permit a plaintiff to recover for more than its actual loss or damage.

The district court's judgment is consistent with *Stetina v. State Farm Mut. Auto. Ins. Co., supra.* In *Stetina*, two vehicles were involved in an accident. Diana Stetina, a passenger in one of the vehicles, and her father, the plaintiff in *Stetina*, were paid $50,000 under the personal injury liability portion of the other vehicle driver's State Farm policy. Stetina then made a claim for medical payment coverage under those provisions of his own State Farm policies. State Farm denied his claim.

In *Stetina*, the trial court entered a summary judgment in favor of State Farm. Stetina appealed. This court reversed and remanded the cause for further proceedings.

State Farm's position in *Stetina* was that Stetina jeopardized its subrogation rights by releasing the tort-feasor. This court disagreed:

> "No right of subrogation can arise in favor of an insurer against its own insured since, by definition,

subrogation exists only with respect to rights of the insurer against third persons to whom the insurer owes no duty. . . .

" '. . . it is axiomatic that [an insurance company] has no subrogation rights against the negligence of its own insured.' (Bracket material paraphrased.)

"To allow subrogation under such circumstances would permit an insurer, in effect, to pass the incidence of the loss, either partially or totally, from itself to its own insured and thus avoid the coverage which its insured purchased. . . ."

(Citations omitted.) *Stetina, supra* at 451, 243 N.W.2d at 346. Cited with approval in *Reeder v. Reeder*, 217 Neb. 120, 348 N.W.2d 832 (1984).

This court, in *Stetina*, held that in the present type of situation, two rights exist: " 'one in tort as the result of . . . negligence, one in contract as the result of the contract of insurance. Payment of one did not discharge the other. . . .' " *Stetina, supra* at 449, 243 N.W.2d at 345.

State Farm, thereby, was given notice of the rule this court has elected to follow with respect to policy language such as used by State Farm. The defendant could have amended its policy to eliminate double recovery by its insured. Under the principles laid down in *Stetina*, we hold that where two motor vehicles covered by the same insurance carrier collide, the nonnegligent driver may recover for damage to his vehicle under the negligent driver's liability insurance and again under the property damage clause of his own insurance policy unless the nonnegligent driver's policy limits such recovery.

*Charley v. Farmers Mut. Ins. Co., supra,* and *Kracl v. Aetna Cas. & Surety Co., supra,* which the defendant mentions in its first assignment of error, are not applicable here. The issue we need to address in this case is subrogation, not aggregation, or "stacking," of multiple uninsured motorists coverages as addressed in *Charley* and *Kracl*. The defendant's argument that recovery should be denied under the rules announced in *Charley* and *Kracl* has no merit.

The defendant's second assignment of error is essentially that the insurance policy in this case is a contract of indemnity

covering only unreimbursed losses. The problem with that position is that while defendant now claims that the policies "were not intended" to provide more than reimbursement to the extent of actual loss, there is no language in the plaintiff's policy to that effect. The policy describes the risks and losses which are covered and those which are not. Nowhere in the policy is there a limitation on the coverage for plaintiff's type of claim. Such limitation could have been written into the policy. It was not. Therefore, defendant's second assignment of error with respect to indemnity has no merit.

Neb. Rev. Stat. § 44-359 (Cum. Supp. 1986) provides that in a successful action to enforce a policy of insurance by the insured, the court shall tax attorney fees against the insurance carrier. Pursuant to § 44-359, the plaintiff is awarded attorney fees in the amount of $2,000 plus costs.

AFFIRMED.