EDWARD E. AND KATHRYN A. JINDRA, HUSBAND AND WIFE, APPELLANTS, V. ELIZABETH CLAYTON AND CINDY CLAYTON, APPELLEES.

529 N.W.2d 523

Filed March 24, 1995. No. S-93-449.

Thomas A. Grennan and Francie C. Riedmann, of Gross & Welch, P.C., for appellants.

Terry K. Gutierrez and Christopher D. Curzon, of Schmid, Mooney & Frederick, P.C., for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

LANPHIER, J.

Plaintiffs, Edward E. and Kathryn A. Jindra, appeal a judgment of the district court for Douglas County. The Jindras held property in joint tenancy with their adult daughter, Elizabeth Clayton. Clayton and her daughter, Cindy Clayton, resided at the property. The dwelling policy which insured the

property listed the Jindras as the named insureds. The parties have stipulated that the property was damaged by a fire negligently caused by Cindy, then 13 years of age. The Jindras' insurer brought a subrogation action in the name of the Jindras against the Claytons. After a bench trial based entirely on stipulated facts, the district court dismissed the subrogation action. In its memorandum dismissing the action, the district court stated that insurers cannot subrogate against their own insureds and that due to the close familial relationship between the parties and because the insured property was held in joint tenancy, the insurer was, in effect, seeking to subrogate against its own insured. The insurer, in the name of the Jindras, timely perfected an appeal. We hold that the relationship between the Jindras and the Claytons is such that if the insurer were permitted to maintain a subrogation action it would be, in effect, suing its own insured. Therefore, we affirm the holding of the district court.

## STATEMENT OF FACTS

The parties waived jury trial and submitted their case on the basis of stipulated facts. All of the facts stated below are derived from that stipulation, exhibit 1, and the attachments incorporated into it.

Edward E. and Kathryn A. Jindra are husband and wife. Elizabeth Clayton is their daughter and Cindy Clayton their granddaughter.

Prior to and including July 24, 1987, the Jindras were joint owners with Elizabeth Clayton of a house located at 1615 South 60th in Omaha, Nebraska. The Claytons were the permanent and only residents of the house. At no time did the Jindras reside in the house.

On or about July 24, 1987, a fire occurred at the house, resulting in extensive property damage. The fire was proximately caused by the negligence of Cindy Clayton when she carelessly disposed of a lighter or match. At time of the fire, Cindy Clayton, a 13-year-old minor, was home alone. Elizabeth Clayton has stipulated that she failed to keep the lighter or matches in a safe and secure place, out of the reach, possession, and control of Cindy Clayton.

The house was insured under a policy issued by Companion Insurance Company (Companion) for a face amount of $21,000. The Companion policy provided insurance for various perils, including fire, and such insurance policy was in full force and effect on the date of the fire. The Jindras are identified as the named insureds and Commercial Federal Savings & Loan is listed as the mortgagee.

The Claytons were the named insureds under a homeowners insurance policy issued by Farmers Union Co-operative Insurance Company (Farmers). The Farmers policy was in full force and effect on the date of the fire and provided personal property and personal liability coverage.

On August 17, 1987, the Jindras signed a "Sworn Statement in Proof of Loss." The statement indicates that the actual cash value of the property was $21,000 and that damages as a result of the fire totaled $21,000. The Jindras stated that the "fire started from tenant's child using matches." Finally, the Jindras described their interest in the property as "titleholder[s]" and stated that no other person had any interest in the property other than the mortgagee, Commercial Federal Savings & Loan.

On August 17, 1987, Companion paid the Jindras $21,000 pursuant to the policy for the damages sustained in the fire. In receipt for such payment, the Jindras executed a "Subrogation Receipt" in favor of Companion.

Companion brought a subrogation action in the name of its insureds, the Jindras, naming Elizabeth Clayton and Cindy Clayton as defendants. The Jindras alleged three theories of recovery against the Claytons. First, the Jindras alleged that the fire was proximately caused by the negligence of Elizabeth Clayton in failing to properly and adequately supervise the minor, Cindy Clayton. Secondly, the Jindras alleged that Elizabeth Clayton, as a joint tenant, was liable to the Jindras for waste committed to the house. Finally, the Jindras alleged that Cindy Clayton's negligence was the cause of the fire and ensuing damages. The Claytons generally denied the Jindras' allegations.

The case was tried on these stipulated facts on April 1, 1993. On April 27, the district court held that the joint tenancy relationship between the parties precluded a subrogation action

by the Jindras against the Claytons and entered judgment in favor of the Claytons. On May 21, the Jindras timely filed a notice of appeal to the Nebraska Court of Appeals. On September 14, 1994, by order of this court, the case was moved to our docket.

## ASSIGNMENTS OF ERROR

The gist of the Jindras' five assignments of error is that the district court erred by determining that the parties' joint tenancy relationship prohibited subrogation by the Jindras' insurer and by assuming facts not supported by the evidence when sitting as the trier of fact.

## STANDARD OF REVIEW

In a case in which the facts are stipulated, this court reviews the case as if trying it originally in order to determine whether the facts warranted the judgment. *Douglas Cty. Bank & Trust v. Stamper*, 244 Neb. 226, 505 N.W.2d 693 (1993); *Dobias v. Service Life Ins. Co.*, 238 Neb. 87, 469 N.W.2d 143 (1991). An appellate court has an obligation to reach conclusions on questions of law independent of the trial court's ruling. *Dolan v. Svitak, ante* p. 410, 527 N.W.2d 621 (1995); *Hausse v. Kimmey, ante* p. 23, 524 N.W.2d 567 (1994).

## ANALYSIS

The Jindras argue that as joint tenants, they and Elizabeth Clayton each had an insurable interest in the property. However, only the Jindras are identified as the named insureds on the Companion dwelling policy. The Jindras assert that the mere fact that they are joint tenants with Elizabeth Clayton does not automatically make her a coinsured for the purpose of subrogation. The Jindras contend that the Companion policy cannot be construed to inure to the benefit of the Claytons, absent an express agreement evidencing such was the parties' intent. The Jindras argue that no evidence of such an express agreement between them and the Claytons is in the record. They further assert that an express agreement cannot be reasonably assumed from the stipulated facts. Finally, they assert that they have a "valid [cause] of action against the Claytons for both negligence and waste and [that] Companion, having paid the

amount of the loss, is now subrogated to these causes of action[s]." Brief for appellants at 15.

The Claytons admit that Elizabeth Clayton, as a joint tenant, had an insurable interest in the property. For that reason, they argue that the subrogation action is the same as if Companion was suing its own insured. They assert that under the case law of this state, an insurance company has no subrogation rights against its own insured and therefore, the trial court's decision in their favor should be affirmed.

In reaching its decision to deny subrogation, the trial court relied primarily on *Reeder v. Reeder*, 217 Neb. 120, 348 N.W.2d 832 (1984). The trial court noted the close family relationship between the Jindras and the Claytons and the fact that the property was held in joint tenancy. The court stated that even though Elizabeth Clayton's name does not appear on the Companion policy, she is a joint tenant and as such is entitled to coverage under the policy. Therefore, the court held that Companion had no subrogation rights against her, whom the court deemed to be Companion's own insured.

Generally, subrogation is the substitution of one person in the place of another with reference to a lawful claim so that the one who is substituted succeeds to the rights of the other in relation to the debt or claim. *Shelter Ins. Cos. v. Frohlich*, 243 Neb. 111, 498 N.W.2d 74 (1993); *Ehlers v. Perry*, 242 Neb. 208, 494 N.W.2d 325 (1993). In *Shelter Ins. Cos.*, we discussed the general principles of subrogation in some detail. We stated:

> In the context of insurance, the right of subrogation is based on two premises: (1) an insured should not be allowed to recover twice for the same loss, which would be the result if the insured recovers both from the insured's insurer and the tort–feasor, and (2) a wrongdoer should reimburse an insurer for payments that the insurer has made to its insured.

243 Neb. at 118, 498 N.W.2d at 79.

The Jindras' claim is based on the second premise. They essentially allege that the Claytons are wrongdoers and that they should reimburse Companion for payments it made. Although an insurance company has the right to recover against a wrongdoer whose negligence has subjected the insurance

company to liability, no right of subrogation can arise in favor of an insurer against its own insured. *Control Specialists v. State Farm Mut. Auto. Ins. Co.*, 228 Neb. 642, 423 N.W.2d 775 (1988); *Reeder, supra*; *Stetina v. State Farm Mut. Auto Ins. Co.*, 196 Neb. 441, 243 N.W.2d 341 (1976). " ' "[S]ubrogation exists only with respect to rights of the insurer against third persons *to whom the insurer owes no duty. . . ."* ' " *Reeder*, 217 Neb. at 127, 348 N.W.2d at 836 (quoting *Stetina, supra*).

In *Reeder*, we were presented with the question of whether a guest who negligently caused damage to his host's home may be sued by the owner's insurance carrier under a right of subrogation. In that case, Theodore Reeder had permitted his brother, Bernard Reeder, and Bernard Reeder's family to occupy his home. The Theodore Reeders had moved to Texas while still owning a home in Omaha, and the Bernard Reeders needed a place to stay while awaiting the completion of their new home. The parties testified that they had not entered into a lease agreement and that no rent was being paid. However, Theodore Reeder testified that he told his brother that

"I would leave my insurance policy that I had on it on it while he was in there, and I didn't really discuss any part of his homeowner's or anything else. I just assumed he would take care of that. But we did discuss that I would leave my policy on it."

*Id.* at 122, 348 N.W.2d at 833.

Bernard Reeder's daughter started a fire when she attempted to ignite a gas fireplace but allegedly failed to open the damper. Theodore Reeder's insurer covered the loss and, in turn, obtained a subrogation receipt from its insured. The insurer filed suit against Bernard Reeder, his wife, and their daughter. We affirmed the order of the trial court sustaining the motion for summary judgment in favor of the Bernard Reeders for the reason that, as a matter of law, the insurer was not entitled to maintain the right of subrogation. *Reeder, supra*.

In so holding, we compared the host–guest relationship present in *Reeder* to a landlord–tenant relationship. We noted that other courts have held that, absent an express provision in the lease, the tenant stands in the shoes of an insured landlord for the limited purpose of defeating a subrogation claim. *Id.*

The modern trend is that a lessor's insurer cannot maintain a subrogation action against a lessee in the absence of an express agreement or lease provision. 6A John A. & Jean Appleman, Insurance Law and Practice § 4055 (1972 & Supp. 1994). See, also, *Safeco Ins. Companies v. Weisgerber*, 115 Idaho 428, 767 P.2d 271 (1989); *Fashion Place Inv. v. Salt Lake County*, 776 P.2d 941 (Utah App. 1989); *Cascade Trailer Court v. Beeson*, 50 Wash. App. 678, 749 P.2d 761 (1988); *New Hampshire Ins v Labombard*, 155 Mich. App. 369, 399 N.W.2d 527 (1986); *Safeco Ins. Co. v. Capri*, 101 Nev. 429, 705 P.2d 659 (1985); *Alaska Ins. Co. v. RCA Alaska Commun.*, 623 P.2d 1216 (Alaska 1981); *Liberty Mut. Fire Ins. Co. v. Auto Spring Supply Co.*, 59 Cal. App. 3d 860, 131 Cal. Rptr. 211 (1976); *Monterey Corporation v. Hart, Ex'r*, 216 Va. 843, 224 S.E.2d 142 (1976); *Sutton v. Jondahl*, 532 P.2d 478 (Okla. App. 1975). Landlord–tenants are coinsureds for subrogation purposes

> because of the reasonable expectations they derive from their privity under the lease, their insurable interests in the property, and the commercial realities under which lessors insure leased premises and pass on the premium cost in rent and under which insurers make reimbursement for fires negligently caused by their insureds' negligence.

6A Appleman, *supra*, at 77–78 (Supp. 1994). But see, *Neubauer v. Hostetter*, 485 N.W.2d 87 (Iowa 1992); *Page v. Scott*, 263 Ark. 684, 567 S.W.2d 101 (1978); *Fire Insurance Exchange v. Geekie*, 179 Ill. App. 3d 679, 534 N.E.2d 1061 (1989) (rejecting the premise that landlord–tenants are coinsureds for subrogation purposes).

In *Reeder v. Reeder*, 217 Neb. 120, 348 N.W.2d 832 (1984), we stated that the reasoning underlying the denial of a subrogation claim in a landlord–tenant situation was even more compelling when the relationship was that of host and guest. We also noted that the host had expressly told the guest that he had procured insurance coverage on the premises. Under those circumstances, we held, as a matter of law, that the host's insurer was not entitled to the right of subrogation against the guest.

Here, we are not presented with a landlord–tenant relationship or a guest–host relationship. The Jindras and

Elizabeth Clayton are joint tenants. As joint tenants, each is seized of the whole estate and has an undivided share of the whole estate. *Hein v. W. T. Rawleigh Co.*, 167 Neb. 176, 92 N.W.2d 185 (1958). The shares of interests of joint tenants are presumed equal. *Kinkenon v. Hue*, 207 Neb. 698, 301 N.W.2d 77 (1981). As a joint tenant, Elizabeth Clayton had an insurable interest in the property. A person has an insurable interest in property when he or she has a reasonable expectation, based upon a legal or a real right, of a benefit to be derived from the property and of loss or liability from its destruction. *Ben–Hur Mfg. Co. v. Firemen's Ins. Co.*, 18 Wis. 2d 259, 118 N.W.2d 159 (1962). An insurable interest is an "interest in property or any relation thereto, or liability in respect thereof, of such a nature that a contemplated peril might directly damnify the insured." Neb. Rev. Stat. § 44–103(12) (Reissue 1993).

Although Elizabeth Clayton had an insurable interest in the property, only the Jindras were the named insureds on the Companion policy. Insurance contracts are personal and do not run with the property. *Terra Western Corp. v. Berry and Co.*, 207 Neb. 28, 295 N.W.2d 693 (1980). However, "unless a contract specifically provides otherwise, equitable principles apply even when a subrogation right is based on contract." *Shelter Ins. Cos. v. Frohlich*, 243 Neb. 111, 118, 498 N.W.2d 74, 79 (1993). In terms of the exercise of the right of subrogation, " 'no general rule can be laid down which will afford a test for its application in all cases. The facts and circumstances of each case determine whether the doctrine is applicable.' " *Id.*

Here, the parties comprise a closely related family group. Although the parties own a property in joint tenancy, the record does not reveal the financial arrangement between the parties. Therefore we do not know who was paying the mortgage, if there were any rent payments made, et cetera. We do know that the parties procured two insurance policies within 4 days of each other and such policies fully covered their combined real and personal property.

From these facts, the district court inferred that the Jindras entered into the joint tenancy with their daughter as an estate–planning tool. The court further inferred that the

insurance policies appeared to be parts of an integrated transaction to protect all of the joint tenants. The Jindras assert the district court in so doing erred by assuming facts not supported by the evidence when sitting as the trier of fact. However, the finder of fact may draw reasonable inferences from the facts and circumstances proved. *Doyle v. Union Ins. Co.*, 202 Neb. 599, 277 N.W.2d 36 (1979).

The absence of any evidence of an express agreement between the parties regarding whether the Jindras intended their fire insurance to protect their daughter's interest in the property is not as problematic as Companion asserts. In *Reeder*, we found evidence of an express agreement to be important when presented with a host-guest relationship. Here, the family relationship between the parties is even closer than the relationship in *Reeder*, and the parties hold the property in joint tenancy.

For the purposes of subrogation only, the relationship between the Jindras and the Claytons is such that if Companion were permitted to maintain this subrogation action it would be, in effect, suing its own insured.

## CONCLUSION

Given the facts and circumstances of this case, Companion should not be permitted to maintain this subrogation action against the daughter, who is a joint tenant of its insured, and the granddaughter. Accordingly, we affirm the judgment of the district court.

AFFIRMED.