GERMAN MUTUAL INSURANCE COMPANY OF DODGE COUNTY,
NEBRASKA, APPELLANT, V. FEDERATED MUTUAL
INSURANCE COMPANY, APPELLEE.
606 N.W. 2d 856

Filed February 29, 2000.   No. A-99-018.

Patrick B. Donahue and Joan Garvey, of Cassem, Tierney, Adams, Gotch & Douglas, for appellant.

Michael G. Mullin, John J. Schirger, and Amy E. Wallace, of McGrath, North, Mullin & Kratz, P.C., for appellee.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

German Mutual Insurance Company of Dodge County, Nebraska (German Mutual), brought this lawsuit against Federated Mutual Insurance Company (Federated) seeking reimbursement from Federated for proceeds German Mutual paid to German Mutual's insured, Von Seggern Farms, Inc. (Von Seggern), due to the loss of Von Seggern's property while in the

care and custody of West Point Implement Company (West Point), which is insured by Federated. The district court for Dodge County granted Federated's demurrer based on its interpretation of the "Other Insurance" clause in German Mutual's insurance policy. German Mutual appealed to this court. For the reasons stated below, we affirm.

## II. FACTUAL BACKGROUND

In German Mutual's third amended petition filed on October 1, 1998, which is the operative petition in this case, German Mutual alleged as follows: On August 5, 1997, Von Seggern delivered a tractor to West Point for "adjustment work." While the tractor was in West Point's possession, West Point's premises were vandalized and the tractor was damaged. In German Mutual's third amended petition, it alleged, "The vandalism and damage to the Von Seggern tractor was proximately caused by the negligence of West Point Implement Company and as a result, West Point Implement Company is legally liable for said damages . . . ."

At all times relevant to this case, Von Seggern was insured under a farm insurance policy issued by German Mutual which provided coverage for the above tractor for damages to the tractor due to vandalism or malicious mischief. The German Mutual policy further provided that "loss to your farm personal property will be excess insurance over any other available insurance."

West Point was insured under an insurance policy issued by Federated providing coverage of farm implements in West Point's custody but not owned by West Point. The Federated policy provided that Federated would pay for loss or damage to nonowned farm machinery in the custody of West Point due to vandalism or malicious mischief. The Federated policy further provided that such coverage was "excess over any other insurance on this property except when [West Point is] legally liable for the loss of this property." We note that the above insurance policies were attached as exhibits to the operative petition.

After Von Seggern's demand for payment under its insurance policy with German Mutual, German Mutual paid to Von Seggern the sum of $17,250 for the damage to Von Seggern's tractor. Despite demands made by Von Seggern and German

Mutual, Federated refused to pay any benefits to Von Seggern or German Mutual. Thereafter, German Mutual brought the present action.

In response to German Mutual's third amended petition, Federated filed a demurrer on November 19, 1998, in which it alleged that there was a defect of parties and that the third amended petition failed to state facts sufficient to constitute a cause of action. Among other things, Federated contended that the third amended petition was deficient in that it violated the principle that direct actions against insurers are not permitted in Nebraska and that it was premised on the other insurance provision in German Mutual's insurance policy. According to Federated, such a provision only applies to other insurance covering the named insured. Because Federated's policy did not cover Von Seggern, the named insured in German Mutual's policy, Federated contended that its policy did not cover the damage sustained by Von Seggern.

On December 8, 1998, the district court sustained Federated's demurrer and dismissed German Mutual's action. The court found:

> [T]he term "other insurance" as used in [German Mutual's] policy is ambiguous as to whether it relates to only other insurance covering the named insured or whether it applies to coverage of a carrier which issued its policy to a separate entity; that the term "other insurance" in [German Mutual's] insurance policy should be limited to other insurance covering the named insurred [sic], i.e. Von Seggern Farms, Incorporated.

Thereafter, German Mutual timely appealed to this court.

### III. ASSIGNMENTS OF ERROR

For its assignments of error, German Mutual contends that the district court erred in sustaining Federated's demurrer; in concluding that the term "other insurance" in German Mutual's policy was ambiguous; in concluding the term "other insurance" in German Mutual's policy should be limited to other insurance covering the named insured, Von Seggern; and in not finding the " 'other insurance' " or " 'excess insurance' " clauses in both the policies to be mutually repugnant and thus inoperable.

## IV. ANALYSIS

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Professional Bus. Servs. v. Rosno*, 256 Neb. 217, 589 N.W.2d 826 (1999); *Sweeney v. City of Gering*, 8 Neb. App. 675, 601 N.W.2d 238 (1999). In ruling on a demurrer, the petition is to be liberally construed; if as so construed the petition states a cause of action, the demurrer is to be overruled. *Rosno, supra*; *Sweeney, supra*.

Whether a petition states a cause of action is a question of law regarding which an appellate court has an obligation to reach a conclusion independent of that of the lower court. *Cobb v. Sure Crop Chem. Co.*, 255 Neb. 625, 587 N.W.2d 355 (1998); *Sweeney, supra*. We note that a demurrer reaches an exhibit filed with the petition and made a part thereof, so that a court can consider such exhibit in determining whether the petition states a cause of action. *Leader Nat. Ins. v. American Hardware Ins.*, 249 Neb. 783, 545 N.W.2d 451 (1996).

According to the operative petition, German Mutual sought recovery from Federated for amounts German Mutual had paid to Von Seggern, a German Mutual insured, for damages to Von Seggern's tractor while on the premises of West Point, an insured of Federated. German Mutual alleged that *negligence of West Point* caused the loss suffered by Von Seggern and that due to this negligence, West Point was liable. Specifically, German Mutual pled: "The vandalism and damage to the Von·Seggern tractor was proximately caused by the negligence of West Point Implement Company and as a result, West Point Implement Company is legally liable for said damages . . . ." Based on these allegations, German Mutual contended that Federated's insurance policy issued to West Point provided coverage and that Federated was obligated to pay. We recognize that Federated's policy may provide excess coverage for damages to nonowned property on West Point's premises even when West Point is not legally liable. However, such are not the facts pled, nor is it the theory of recovery pled by German Mutual. A court must dispose of a case on the basis of the theory presented by the plead-

ings. See *Ashland State Bank v. Elkhorn Racquetball, Inc.*, 246 Neb. 411, 520 N.W.2d 189 (1994). Therefore, in summary, this case seeks recovery from Federated based on the negligence of its insured.

The Nebraska Supreme Court has stated: "[A]s a general rule, there is no privity between an injured person and the tortfeasor's liability insurer. For this reason, direct actions against liability insurance carriers based on the negligence of the insured are not permitted in Nebraska." *Medical Protective Co. v. Schrein*, 255 Neb. 24, 30, 582 N.W.2d 286, 290 (1998). Accord, *West Neb. Gen. Hosp. v. Farmers Ins. Exch.*, 239 Neb. 281, 475 N.W.2d 901 (1991); *State Auto. & Cas. Underwriters v. Farmers Ins. Exchange*, 204 Neb. 414, 282 N.W.2d 601 (1979). See *Royal Ind. Co. v. Aetna Cas. & Sur. Co.*, 193 Neb. 752, 229 N.W.2d 183 (1975). In our review of Nebraska jurisprudence, we find no exceptions to the above general rule.

The basis for the lawsuit in *State Auto. & Cas. Underwriters, supra*, is similar to that before us. In *State Auto. & Cas. Underwriters*, the car insured by State Automobile and Casualty Underwriters (State Auto) was struck by the car insured by Farmers Insurance Exchange (Farmers). State Auto paid its insured's claim and sought subrogation from Farmers based on the negligence of Farmers' insured.

Nebraska jurisprudence is consistent with common law. "Under ordinary principles of law, in the absence of statutes or contractual agreements to the contrary, the law did not historically recognize the right of the injured party to seek recovery directly from the insurer, with which the victim had no direct relationship." 7 George J. Couch, Couch on Insurance 3d § 104:1 at 104-7 (rev. ed. 1997). See, also, 44 Am. Jur. 2d *Insurance* § 1445 (1982). The above proposition applies to claims by an injured party against an insurer under both automobile liability insurance and under other forms of liability insurance, "at least where the direct action is on the basis of the insured's negligence." 7 Couch, *supra*, § 104:2 at 104-11 to 104-12.

The general common-law rule has been abrogated in many states by statute or through case law in which courts have created exceptions to the common-law rule. See 7 Couch, *supra*,

§ 104:1. Generally, these statutes allow an injured party a direct right to action against an automobile liability insurer. *Id.* Couch notes a "trend of modern public policy favoring the compensation of innocent victims over the preservation of historic legal rules such as privity." *Id.* at 104-7.

Nebraska has a narrow direct action statute. Neb. Rev. Stat. § 44-508 (Reissue 1998) provides that a lawsuit may be maintained by an injured person directly against an automobile liability insurance carrier in the event the insured is insolvent or bankrupt. Section 44-508 is not applicable in the case before us.

In German Mutual's brief, it argues that the Nebraska Supreme Court has permitted direct actions against insurers, citing as authority *Bituminous Cas. Corp. v. Andersen*, 184 Neb. 670, 171 N.W.2d 175 (1969), and *State Farm Mut. Auto. Ins. Co. v. Union Ins. Co.*, 181 Neb. 253, 147 N.W.2d 760 (1967). Based upon our review of the literature, we conclude that there is a distinction between cases such as those cited by German Mutual in which insurers were directly sued and cases where the Nebraska Supreme Court has held that a direct action cannot be maintained against an insurer. In the cases such as *Bituminous Cas. Corp., supra*, and *State Farm Mut. Auto. Ins. Co., supra*, where the insurer was directly sued, the basis of the lawsuit against the insurer was not the negligence of its insured. See, also, *Leader Nat. Ins. v. American Hardware Ins.*, 249 Neb. 783, 545 N.W.2d 451 (1996) (insurer of negligent driver brought subrogation claim against insurer of owner of vehicle driven by negligent driver raising issue as to which insurer had primary duty to defend and indemnify); *Control Specialists v. State Farm Mut. Auto. Ins. Co.*, 228 Neb. 642, 423 N.W.2d 775 (1988) (suit by insured against its own insurer regarding whether property damage clause provided coverage); *Boren v. State Farm Mut. Auto. Ins. Co.*, 225 Neb. 503, 406 N.W.2d 640 (1987) (declaratory judgment case regarding whether driver's liability insurer or record owner's liability insurer obligated to pay plaintiff's judgment against driver). In cases such as *State Auto. & Cas. Underwriters v. Farmers Ins. Exchange*, 204 Neb. 414, 282 N.W.2d 601 (1979), and *Royal Ind. Co. v. Aetna Cas. & Sur. Co.*, 193 Neb. 752, 229 N.W.2d 183 (1975), where the Nebraska Supreme Court applied the rule that direct actions against insur-

ers are not permitted, the lawsuit against the insurer was based on the negligence of the insured.

Based on the allegations in the operative petition in the present case, German Mutual's basis for recovery from Federated is the negligence of Federated's insured. The general rule that direct actions are not permitted against insurers based on the negligence of the insured is applicable. Therefore, we conclude that German Mutual's operative petition fails to state a cause of action and that Federated's demurrer was properly granted on this basis. Given our above conclusion, we need not address the issue involving the interpretation of the other insurance clause in German Mutual's insurance policy upon which the district court sustained Federated's demurrer. We affirm.

AFFIRMED.

SIEVERS, Judge, dissenting.

I find that I cannot join in the result reached by my colleagues. On the face of the two insurance policies involved, both German Mutual and Federated provided coverage for the damage to the Von Seggern tractor caused by vandalism while it was in the possession of West Point. Both policies have "other insurance" clauses, but the majority declines to address the consequence of those mutually repugnant other insurance clauses and instead concludes that the demurrer was properly sustained by the trial court because this is a *direct action against an insurer which is not authorized in Nebraska law.*

I believe that the policy behind the no direct action against an insurer rule, except in limited circumstances, is consistent with our longstanding notion that juries not be informed via the evidence of the existence of liability insurance. See *Patterson v. Swarr, May, Smith & Anderson,* 238 Neb. 911, 473 N.W.2d 94 (1991). The premise behind that rule has been the fear that a jury will award excessive damages if it knows it is an insurance company that is writing the check to the injured plaintiff.

In the instant case, none of the dangers are present which preclude mention of insurance and, by logical extension, would provide a logical underpinning for the notion that the petition is demurrable because it is a direct action against an insurance company. Federated and German Mutual, by the terms of their policies standing alone, are liable to Von Seggern for the dam-

age to the tractor by vandalism while in the possession of West Point. German Mutual stepped forward and paid its insured, and it now seeks reimbursement from West Point's insurer, Federated.

It has long been the law of Nebraska that an action be brought in the name of the real party in interest, which is the person or entity entitled to the avails of the action. *Gerner v. Church*, 43 Neb. 690, 62 N.W. 51 (1895). Thus, since German Mutual paid the full damages to Von Seggern, Von Seggern is precluded from being the real party in interest. The basis for reimbursement from Federated is the insurance contract between Federated and West Point, despite the fact that the petition alludes to negligence on the part of West Point. See *Security Inv. Co. v. State*, 231 Neb. 536, 437 N.W.2d 439 (1989) (court must examine and construe petition's essential and factual allegations by which plaintiff requests relief, rather than legal terminology utilized in petition to form pleading).

For these reasons, I believe that under the unique facts presented here, the prohibition against direct actions against liability insurance carriers does not make German Mutual's action against Federated demurrable. Therefore, I would reverse.