# UNITED STATES BANKRUPTCY APPELLATE PANEL

## FOR THE EIGHTH CIRCUIT

_____

No. 99-6080 NE

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Brian Wayne Burgess, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Joseph H. Badami, Trustee | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Plaintiff - Appellee, | * | District of Nebraska |
| | * | |
| v. | * | |
| | * | |
| Brian Wayne Burgess, | * | |
| | * | |
| Defendant - Appellant | * | |
| | * | |
| Tyne O'Keefe Burgess, | * | |
| fka Barbara I. Breshahan, | * | |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: February 17, 2000
Filed: March 28, 2000

_____


Before WILLIAM A. HILL, SCHERMER and DREHER, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

The debtor, Brian Wayne Burgess ("Debtor"), appeals the order of the bankruptcy court[1] approving the sale by Joseph H. Badami ("Trustee") of the bankruptcy estate's interest in his residence to Tyne Burgess. The Debtor failed to obtain a stay of the sale order pending appeal. The Trustee completed the sale of the estate's interest in the residence to Tyne Burgess and thereafter filed a motion to dismiss the appeal as moot. We have jurisdiction over this appeal from the final order of the bankruptcy court. See 28 U.S.C. § 158(b). For the reasons set forth below, we grant the Trustee's motion and dismiss the appeal as moot.

### ISSUE

The issue before this Court is whether the Debtor's failure to obtain a stay pending appeal of the order approving the sale combined with the Trustee's sale of the estate's interest in the Debtor's residence render the Debtor's appeal of the order approving such sale moot. In order to answer that question, we must determine whether Tyne Burgess is a good faith purchaser entitled to the protection afforded by Section 363(m) of the Bankruptcy Code.

### BACKGROUND

The facts are not in dispute. This appeal arises out of an adversary proceeding regarding certain real estate. On January 29, 1989, the Debtor and Tyne Burgess jointly purchased a residence for approximately $136,000. Tyne Burgess contributed $113,165.73 toward the purchase price of the residence. The Debtor and Tyne Burgess borrowed $24,000 for the balance of the purchase price. On August 26, 1992, Tyne Burgess signed a warranty deed transferring her entire interest in the residence to the Debtor. Thereafter, Tyne Burgess filed a Chapter 7 bankruptcy petition in which she listed no interest in the residence and indicated that she had transferred the residence to her ex-boyfriend, the Debtor in the present case. On November 6, 1995, the Debtor conveyed the residence by joint tenancy warranty deed to himself and Tyne Burgess.

---

[1] The Honorable John C. Minahan, United States Bankruptcy Judge for the District of Nebraska.

2

On July 24, 1998, the Debtor filed his Chapter 7 petition. Thereafter, the Trustee filed a complaint to set aside the deed to the Debtor and Tyne Burgess as a fraudulent transfer. The Debtor admitted each of the allegations in the Trustee's complaint.

On September 14, 1999, the Trustee and Tyne Burgess entered into a settlement agreement pursuant to which the Trustee agreed to sell the bankruptcy estate's interest in the residence to Tyne Burgess for $30,000. That same day, the Trustee filed a motion to approve the sale of the residence to Tyne Burgess and to approve the settlement agreement. The Debtor objected to the motion. After a hearing on October 29, 1999, the bankruptcy court overruled the debtor's objection and approved the motion.

On November 8, 1999, the Debtor filed a notice of appeal and on November 11, 1999, the Debtor filed a motion for stay of order pending appeal. The bankruptcy court denied the motion for stay pending appeal on November 23, 1999. The Debtor took no additional action to obtain a stay pending appeal. Thereafter the Trustee sold the residence to Tyne Burgess in accordance with the order approving the sale. The Trustee filed a motion to dismiss this appeal as moot in light of the consummation of the sale.

STANDARD OF REVIEW

Whether an appellant's failure to obtain a stay of a sale under Section 363(m) of the Bankruptcy Code renders the appeal moot is a question of law which we consider de novo. Prasil v. Dietz (In re Prasil), 215 B.R. 582, 584 (8th Cir. B.A.P. 1998). Whether Tyne Burgess is a good faith purchaser is a mixed question of fact and law. We review the bankruptcy court's findings of fact on a clearly erroneous standard and review its legal conclusions de novo. In re Abbotts Dairies of Penn, Inc., 788 F.2d 143, 147 (3rd Cir. 1986); In re Tempo Tech. Corp., 202 B.R. 363, 367 (D. Del. 1996).

3

DISCUSSION

Section 363(m) of the Bankruptcy Code provides as follows:

> The reversal or modification on appeal of an authorization under . . . this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). An appellant must first seek a stay pending appeal from the bankruptcy court which authorized the sale. In the event the bankruptcy court denies the request for a stay pending appeal, the aggrieved party must then seek a stay pending appeal from the district court or the bankruptcy appellate panel. Fed. Rule Bankr. P. 8005. In this case, the bankruptcy court denied the Debtor's request for a stay pending appeal. The Debtor then failed to further pursue a stay of the sale pending appeal with either the district court or this court. The Trustee subsequently completed the sale in accordance with the sale order. Therefore, the Debtor's appeal must now be denied as moot. Wintz v. Am. Freightways, Inc. (In re Wintz Co.), 230 B.R. 840, 845 (8th Cir. B.A.P. 1999); Ross v. Strauss (In re Ross), 223 B.R. 702, 703-04 (8th Cir. B.A.P. 1998); Prasil v. Dietz (In re Prasil), 215 B.R. 582, 584-85 (8th Cir. B.A.P. 1998).

The finality rule of Section 363(m) incorporates the judicial doctrine of mootness which provides that where an appellate court cannot grant effective relief, the appeal becomes moot. In addition, this rule serves the vital role of encouraging finality in bankruptcy sales and protecting the rights of good faith purchasers. U.S. v. Fitzgerald, 109 F.3d 1339, 1342-43 (8th Cir. 1997); Veltman v. Whetzal, 93 F.3d 517, 521 n.4 (8th Cir. 1996); Van Iperen v. Prod. Credit Ass'n of Worthington-Slayton Branch (In re Van Iperen), 819 F.2d 189, 191 (8th Cir. 1987); Wintz v. Am. Freightways, Inc. (In re Wintz Co.), 230 B.R. 840, 845 (8th Cir. B.A.P. 1999); Prasil v. Dietz (In re Prasil), 215 B.R. 582, 584 (8th Cir. B.A.P. 1998).

4

The Debtor argues that Section 363(m) of the Bankruptcy Code does not apply to this sale because Tyne Burgess was not a good faith purchaser.  The relevant test is twofold: a good faith purchaser is one who buys in good faith and for value.  Ewell v. Diebert (In re Ewell), 958 F.2d 276, 281 (9th Cir. 1992); In re Abbotts Dairies of Penn, Inc., 788 F.2d 143 (3rd Cir. 1986).

Lack of good faith is shown by misconduct surrounding the sale.  Typically, the requisite misconduct necessary to establish a lack of good faith involves "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."  In re Rock Indus. Mach. Corp., 572 F.2d 1195, 1198 (7th Cir. 1978), quoted in Ewell v. Diebert (In re Ewell), 958 F.2d 276, 281 (9th Cir. 1992), In re Abbotts Dairies of Penn, Inc., 788 F.2d 143, 147 (3rd Cir. 1986), and In re Tempo Tech. Corp., 202 B.R. 363, 367 (D. Del. 1996).  The Debtor has not alleged any such misconduct by Tyne Burgess, nor does any evidence of such misconduct appear in the record on appeal.

The Debtor asserts that Tyne Burgess did not pay fair value and that therefore she cannot be a good faith purchaser under Section 363(m).  The relevant standard is whether the purchaser paid value.  Ewell v. Diebert (In re Ewell), 958 F.2d 276, 281 (9th Cir. 1992); In re Abbotts Dairies of Penn, Inc., 788 F.2d 143 (3rd Cir. 1986).  Tyne Burgess delivered $30,000 to the Trustee to purchase the estate's interest in the residence.  The Debtor argues that his share of the residence was worth well in excess of that amount.  The Debtor claims that under Nebraska law, the interests of joint tenants in property are presumed to be equal.  Jindra v. Clayton, 529 N.W.2d 523, 528 (Neb. 1995); Anania v. Anania, 576 N.W.2d 830, 836 (Neb. Ct. App. 1998).  The Debtor contends that the bankruptcy court erred when it gave Tyne Burgess credit for her contribution of the $113,000 down payment toward the purchase of the residence when determining the value of the estate's interest therein.  While Nebraska courts recognize a presumption of equality of interest of joint tenants, they also recognize the possibility that the presumption can be rebutted.  See  Anania v. Anania, 576 N.W.2d 830, 836-37 (Neb. Ct. App. 1998).  The bankruptcy court considered the relevant contributions of the two parties toward the acquisition of the residence and the reasonableness of the purchase price for the estate's interest and determined the price was fair and reasonable under the

circumstances.  The bankruptcy court's finding is supported by the evidence and is not clearly erroneous.  Consequently, the Debtor's assertion that Tyne Burgess was not a good faith purchaser is unsupported and therefore his argument that Section 363(m) of the Bankruptcy Code does not apply to the Trustee's sale to Tyne Burgess is without merit.

## CONCLUSION

Section 363(m) of the Bankruptcy Code protects Tyne Burgess as a good faith purchaser.  In light of the Debtor's failure to obtain a stay pending appeal and the subsequent consummation of the sale, the Trustee's motion to dismiss appeal as moot is granted.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT