ALLSTATE INSURANCE COMPANY, APPELLEE,
v. JOHN LaRANDEAU, APPELLANT.

622 N.W. 2d 646

Filed February 16, 2001.   No. S-99-1149.

William T. Ginsburg for appellant.

Thomas H. Cellilli III, Joel E. Feistner, and Matthew D. Hammes, of Locher, Cellilli, Pavelka & Dostal, L.L.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Allstate Insurance Company (Allstate) filed a petition against John LaRandeau seeking to recover money it expended as a result of LaRandeau's intentionally setting fire to and completely destroying the residence of LaRandeau and his wife. After both parties moved for summary judgment, the district

court for Douglas County sustained Allstate's motion and entered judgment against LaRandeau in the amount of $123,663.32. LaRandeau timely appealed.

## SCOPE OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Casey v. Levine, ante* p. 1, 621 N.W.2d 482 (2001).

On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Prochaska v. Douglas Cty.*, 260 Neb. 642, 619 N.W.2d 437 (2000).

## FACTS

On September 15, 1994, LaRandeau intentionally set fire to a residence he owned in joint tenancy with his wife. The fire completely destroyed the structure of the home as well as its contents. Both LaRandeau and his wife were insured under a homeowner's insurance policy issued by Allstate. The relevant portion of the policy excluded coverage for the destruction of the dwelling or any personal property when caused by or consisting of "[i]ntentional or criminal acts of or at the direction of any **insured person,** if the loss that occurs: a) may be reasonably expected to result from such acts; or b) is the intended result of such acts." The policy also provided in part: "When **we** pay for any loss, an **insured person's** right to recover from anyone else becomes **ours** up to the amount **we** have paid."

In December 1994, LaRandeau's wife submitted estimates of the scope and amount of damage. Allstate paid her $181,937.44, which was one-half of the total property damage. Allstate made no payments to LaRandeau. LaRandeau was charged with and convicted of arson and ordered to pay restitution to Allstate in the amount of $55,000.

Allstate then sued LaRandeau, seeking recovery for the payments made to his wife and other expenses incurred in investigating the claim. Allstate alleged that it was the "Subrogee/Assignee of Patricia LaRandeau." Allstate alleged

that LaRandeau intentionally set fire to the residence, that his act was the sole proximate cause of the damage sustained by Allstate, and that "[a]s a result of the above-described waste, the market value of the premises has been diminished by $363,874.88, and Plaintiff's interest in the property has been damaged in the amount of $181,937.44, representing half that market value."

Both parties moved for summary judgment. On September 1, 1999, the district court sustained Allstate's motion and overruled LaRandeau's motion. Judgment was subsequently entered in a stipulated amount of $123,663.32. LaRandeau timely appealed.

## ASSIGNMENT OF ERROR

LaRandeau assigns as error the district court's decision sustaining Allstate's motion for summary judgment and overruling his motion for summary judgment.

## ANALYSIS

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Casey v. Levine, ante* p. 1, 621 N.W.2d 482 (2001). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

Whether one is entitled to judgment as a matter of law is by definition a question of law. On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Prochaska v. Douglas Cty.*, 260 Neb. 642, 619 N.W.2d 437 (2000).

The parties agree that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts. The only question presented is whether Allstate was entitled to a judgment as a matter of law.

LaRandeau argues that as a matter of law, Allstate has no right of subrogation against him because he is one of Allstate's insureds. We have stated that no right of subrogation can arise in

favor of an insurer against its own insured. See, *Jindra v. Clayton*, 247 Neb. 597, 529 N.W.2d 523 (1995); *Control Specialists v. State Farm Mut. Auto. Ins. Co.*, 228 Neb. 642, 423 N.W.2d 775 (1988); *Reeder v. Reeder*, 217 Neb. 120, 348 N.W.2d 832 (1984); *Stetina v. State Farm Mut. Auto. Ins. Co.*, 196 Neb. 441, 243 N.W.2d 341 (1976); *Midwest Lumber Co. v. Dwight E. Nelson Constr. Co.*, 188 Neb. 308, 196 N.W.2d 377 (1972).

However, in those cases in which we have applied this rule, the "insured" suffered a loss covered by the insurance policy. We have not previously considered a situation where the loss was due to arson committed by one of the named insureds. Here, we must determine whether Allstate may proceed with a subrogation claim against a policyholder whose intentional acts caused a loss which is specifically excluded from coverage under the insurance policy issued to the policyholder.

There are two public policy considerations that support the prohibition of an insurer's subrogating against its insured. First, the insurer should not be able to pass the incidence of the loss, either partially or totally, from itself to its own insured and thus avoid the coverage which its insured purchased. See, *Control Specialists v. State Farm Mut. Auto. Ins. Co., supra*; *Reeder v. Reeder, supra*; *Stetina v. State Farm Mut. Auto. Ins. Co., supra*. Second, "the insurer should not be placed in a situation where there exists a potential conflict of interest, thereby possibly affecting the insurer's incentive to provide a vigorous defense for one of its insureds." 16 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 224:3 at 224-19 (2000). Here, neither consideration is threatened by allowing subrogation against a party whose intentional act has caused a loss not covered under the policy.

■ In the context of insurance, the right to subrogation is based on two premises: (1) A wrongdoer should reimburse an insurer for payments that the insurer has made to its insured and (2) an insured should not be allowed to recover twice from the insured's insurer and the tort-feasor. *Continental Western Ins. Co. v. Swartzendruber*, 253 Neb. 365, 570 N.W.2d 708 (1997).

Courts have generally allowed an insurer to subrogate against an insured arsonist responsible for causing the loss. In essence, while an insurer does not ordinarily have a right

of subrogation or indemnification against its own insured, adhering to that principle when one of the insureds is responsible for producing the insured loss by arson would defeat a purpose of subrogation of ultimately placing the loss on the wrongdoer, since the wrongdoer and the insured are the same person under these circumstances.

16 Couch, *supra*, § 224:11 at 224-27 to 224-28, citing *LaSalle Nat. Bank v. Massachusetts Bay Ins. Co.*, 958 F. Supp. 384 (N.D. Ill. 1997); *Ambassador Ins. Co. v. Montes*, 76 N.J. 477, 388 A.2d 603 (1978); *Madsen v. Threshermen's Mut. Ins. Co.*, 149 Wis. 2d 594, 439 N.W.2d 607 (Wis. App. 1989).

LaRandeau argues that no right of subrogation can arise in favor of an insurer against its own insured because, by definition, subrogation exists only with respect to rights of the insurer against *third persons to whom the insurer owes no duty.* See *Reeder v. Reeder*, 217 Neb. 120, 348 N.W.2d 832 (1984). LaRandeau contends that, as an insured, he is not a third person to whom no duty is owed and that, therefore, he cannot be subject to a subrogated claim.

The problem with this argument is that LaRandeau's intentional act of arson was not covered under the homeowner's insurance policy. Therefore, Allstate owed him no duty under the policy. Further, LaRandeau is a third party to the relationship between Allstate and his wife.

LaRandeau's wife has subrogated her right to recover from LaRandeau, the wrongdoer, in the amount for which she received payment from Allstate. The policy states: "When **we** pay for any loss, an **insured person's** right to recover from anyone else becomes **ours** up to the amount **we** have paid." According to the terms of the policy, her acceptance of Allstate's payment resulted in a contractual, or conventional, subrogation of her right to recover that amount from LaRandeau, the wrongdoer.

■ The petition filed by Allstate as subrogee against LaRandeau also alleges waste. Here, LaRandeau's wife could have maintained in her own right a suit seeking compensation based upon a theory of waste against LaRandeau. Waste is a destruction or material alteration or deterioration of the freehold, or of the improvements forming a material part thereof, by any person rightfully in possession, but who has not the fee title

or the full estate. *Bee Building Co. v. Peters Trust Co.*, 106 Neb. 294, 183 N.W. 302 (1921).

Long ago, we cited with approval the law laid down in England by Statutes of Westminster II, cc. 6 and 22, which gave to joint tenants an action for waste. See *Schuster v. Schuster*, 84 Neb. 98, 120 N.W. 948 (1909). "Joint tenants have equal rights of possession. From this unity of possession it follows that damage to the freehold caused by one joint tenant is an injury to another joint tenant." 4 Thompson on Real Property § 31.07(a) at 37 (David A. Thomas ed. 1994).

Nor does the doctrine of interspousal tort immunity prove any barrier to an action for waste against a spouse, since we abrogated the doctrine in *Imig v. March*, 203 Neb. 537, 279 N.W.2d 382 (1979). It is clear that LaRandeau's wife, as a joint tenant and a spouse, can maintain in her own right an action for waste against LaRandeau. Based on our reasoning above, it follows that LaRandeau's wife could have subrogated that right to Allstate.

We conclude that Allstate may pursue its claim against LaRandeau, whose intentional act caused a loss not covered under the policy, to the detriment of an innocent coinsured. The rule against subrogation by an insurer should not preclude Allstate from asserting its subrogated claim against LaRandeau because the policy did not cover the risk at issue. With respect to the fire loss in question here, LaRandeau was not an innocent insured, but, rather, a wrongdoer who intentionally caused the loss. Accordingly, recognition of Allstate's subrogation claim against him for the amounts which it paid to his wife, who *was* considered an innocent insured, serves the legitimate purpose of placing ultimate responsibility for the loss upon the intentional wrongdoer.

LaRandeau also argues that Allstate needed statutory authorization to prosecute a subrogated claim against one of its insureds, which authorization he claims did not exist in Nebraska until 1998. LaRandeau asserts that the Unfair Discrimination Against Subjects of Abuse in Insurance Act, found at Neb. Rev. Stat. § 44-7401 et seq. (Reissue 1998), created a new and theretofore nonexistent right of subrogation that insurers may maintain against certain insureds who have abused

innocent coinsureds to which the insurers became obligated to pay. This issue is without merit. In the case at bar, recovery is not based upon § 44-7401 et seq. The insurance policy permitted a right of subrogation for any amounts paid.

## CONCLUSION

We conclude that Allstate has a right of subrogation against LaRandeau, whose intentional act caused a loss not covered under the policy, to the detriment of his wife, an innocent insured. The wife's acceptance of Allstate's payment operated as a subrogation (under the terms of the policy) of her right to recover that amount from LaRandeau. Since there are no disputed issues of fact, Allstate is entitled to judgment as a matter of law. For the reasons stated above, we affirm the judgment of the district court.

AFFIRMED.